## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**CHIMNEY SAFETY INSTITUTE OF AMERICA,**                    **PLAINTIFF**

**vs.**                              **CIVIL ACTION NO. 3:19-CV-705-CRS**

**FIRST CALL CHIMNEY SERVICE, LLC;**                    **DEFENDANTS**
**DAVID YORK**

### MEMORANDUM OPINION

This matter is before the Court on motion for attorney's fees and costs by Plaintiff Chimney Safety Institute of America ("Plaintiff"). DN 13. Defendants First Call Chimney Service, LLC and David York ("Defendants") did not file a response. This matter is now ripe for judicial review. For the reasons stated below, Plaintiff's motion will be granted.

### I. Background

Plaintiff filed this trademark infringement action against Defendants on October 1, 2019. The Clerk made an entry of default on January 9, 2020. DN 9. This Court ordered default judgment and permanent injunction against Defendant First Call Chimney Service on February 18, 2020. DN 12. Plaintiff now seeks $52,345.18 in attorney's fees and costs from First Call Chimney Service pursuant to 15 U.S.C. § 1117(a).

### II. Discussion

Under 15 U.S.C. § 1117(a), the Court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." A case is "exceptional" when "the infringement was malicious, fraudulent, willful, or deliberate." *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004) (citing *Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982)). "A defendant's continued infringement after notice of his wrongdoing is probative evidence of willfulness."

*Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (citations omitted).

In its complaint, plaintiff alleges that Defendant First Call "willfully and blatantly continued to advertise and market their services with Plaintiff's certification mark," despite repeated notices to cease and desist. DN 1 at 5. Because Defendants failed to answer or otherwise respond to the complaint and the Clerk entered default, the Court must accept all well pleaded factual allegations in the complaint relating to Defendants as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). Although "willful, fraudulent, and deliberate" conduct does not automatically qualify as "exceptional," the Court finds that Defendants' continuous, flagrant conduct, despite repeated notices to cease and desist qualify as exceptional. *U.S. Structures, Inc. v. J.P. Structures, Inc*., 130 F.3d 1185, 1192 (6th Cir. 1997). Accordingly, the Court finds that the allegations in the complaint along with Defendants' default are sufficient to justify the award of attorneys' fees to Plaintiff.

The Court must now determine whether Plaintiff's requested award is reasonable. To be reasonable, a fee must be "adequately compensatory to attract competent counsel" but avoid "producing a windfall for lawyers." *Gonter v. Hunt Valve Company, Inc*., 510 F.3d 610, 616 (6th Cir. 2007). Courts begin with the "lodestar formula," which calls for multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In "rare" or "exceptional" cases, courts may adjust the lodestar up or down by considering twelve factors adopted by the Supreme Court in *Hensley*, 461 U.S. at 471: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In support of its request for fees and costs, Plaintiff attaches an affidavit from its primary counsel. DN 13-1. According to Counsel's affidavit, Plaintiff seeks $37,411.64 in fees and expenses incurred by the Keller Heckman law firm, Plaintiff's primary counsel, and $14,933.64 in fees and expenses incurred by the Frost Brown Todd law firm, Plaintiff's local counsel. DN 13-1 at 2. Plaintiff provides itemized billing records both firms to substantiate these expenses. DN 13-2.

In evaluating the time counsel has expended on a case, the Court must "focus upon the significance of overall relief obtained" and exclude "excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc. v. J. P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley*, 461 U.S. at 433–34). The billing records indicate that counsel and support staff at Keller Heckman and Frost Brown Todd spent a combined total of 133.3 hours in this action. This investment is not excessive in light of the complete default judgment relief counsel has obtained for Plaintiff. The Court has also reviewed the individual billing entries and finds that none reflect excessive, redundant, or unnecessary work.

The Court next examines counsel's requested hourly billing rates, the "key focal point in award determinations." *Kelley v. Metro Cty. Bd. of Educ.*, 773 F.2d 677, 683 (6th Cir. 1985). Keller Heckman billed between $375 and $395 per hour for the work its attorneys performed on this matter. DN 13-2 at 2–15. The Court finds that these rates are reasonable for the type of intellectual property work performed under the circumstances of this case. Frost Brown Todd billed $525 per hour for the work of a senior partner, $235 per hour for the work of a paralegal with 30 years of

3

experience, and $100 per hour for the work of an administrative assistant. *Id*. at 15–38. The Court finds that these rates are reasonable for the type of intellectual property work performed under the circumstances present in this case, and that no further adjustment is necessary.

### III. <u>Conclusion</u>

For the reasons stated above, the Court will grant Plaintiff's motion for an award of attorney's fees and costs in the amount of $52,345.18. DN 13. A separate order will be entered this date in accordance with this memorandum opinion.

June 9, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4